```
                                     CLERK'S OFFICE U.S. DIST. COURT
                                           AT DANVILLE, VA
                                              FILED
                                           MAR 2 5 2008
     IN THE UNITED STATES DISTRICT COURT
    FOR THE WESTERN DISTRICT OF VIRGINIA   JOHN F. CORCORAN, CLERK
              ROANOKE DIVISION             BY: H McDonald
                                                DEPUTY CLERK
```

| | |
|---|---|
| RAY C. TURNER, ) | |
|     Plaintiff, ) | Civil Action No. 7:08cv00248 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SOUTHWEST VIRGINIA ) | |
| REGIONAL JAIL, et al., ) | By: Hon. Jackson L. Kiser |
|     Defendants. ) | Senior United States District Judge |

Plaintiff Ray C. Turner, a Virginia inmate, filed this pro se civil rights action under 42 U.S.C. § 1983, seeking damages in the amount of $20,000.00 and injunctive relief in the form of "termination" of individual defendants. The court will deny plaintiff's request to proceed in forma pauperis, and will dismiss the instant complaint without prejudice.

According to court records, plaintiff has had well over three previous civil rights complaints dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[1] Therefore, plaintiff may not proceed with this action unless he either pays the $350.00 filing fee in full or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As plaintiff has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court will dismiss the complaint without prejudice.[3]

---

[1] See, e.g., Turner v. Big Stone Gap Police Department, et al., Civil Action No. 7:07-cv-00341 (W.D. Va. July 18 & 30, 2007, and August 6, 2007) (observing plaintiff's "three strike" status and dismissing pursuant to 28 U.S.C. § 1915(g)); Turner #198870 v. Boggs, 7:94-cv-01028 (W.D. Va. 1994) (dism'd under §1915(d), predecessor statute to § 1915A); Turner v. Wise County Sheriff, et al., 7:96-cv-00659 (W.D. Va. 1996) (dismissed under § 1915A); Turner v. Pilkenton, et al., 7:96-cv-00660 (W.D. Va. 1996) (dismissed under § 1915A).

[2] Plaintiff states that joint fusion surgery on his right ankle was rescheduled from February 5, 2008, to February 21, 2008; that a nurse told him "that Inmates cry to [sic] much"; and that six inmates "have died at the Southwest Virginia Regional Jail since it opened on May 15, 2005." Plaintiff's allegations fail to suggest that he faces "imminent" danger of "serious" physical harm.

[3] It is clear that plaintiff has been notified that the Prison Litigation Reform Act provides that, if an applicant has had three actions or appeals dismissed on the ground that they were frivolous, malicious, or failed
(continued...)

Dockets.Justia.com

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 25th day of March, 2008.

*/s/ Jackson L. Kiser*
Senior United States District Judge

---

³(...continued)
to state a claim upon which relief may be granted, he may not proceed without prepayment of fees unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). See Turner v. Big Stone Gap Police Department, et al., Civil Action No. 7:07-cv-00341 (W.D. Va. July 18 & 30, 2007, and August 6, 2007) (observing plaintiff's "three strike" status and dismissing pursuant to 28 U.S.C. § 1915(g)). Therefore, the court will not give plaintiff additional time to pay the filing fee.